LAW OFFICES OF KIMBERLY A. ECKERT
5235 South Kyrene Road Suite 206
Tempe, Arizona 85283
 (480) 456-4497 Fax (866) 583-6073
Kimberly A. Eckert – 015040
keckert@arizlaw.biz
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Hunter Rode,<br><br>Plaintiff,<br><br>v.<br><br>Creative Environments Design & Landscape, Inc., an Arizona Corporation and Daniel Waters, an individual,<br><br>Defendants. | No.<br><br>**VERIFIED COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, ET SEQ.** |

Plaintiff Hunter Rode ("Plaintiff") individually, and on behalf of all other persons similarly situated, for his Verified Collective Action Complaint against Defendants Creative Environments Design & Landscape, Inc., and Daniel Waters, ("Defendants") hereby states as his Complaint the following:

1. Plaintiff and the Collective Members are current and former workers employed by Defendants.

-1-

2.  Plaintiff brings this action on behalf of himself and all other similarly situated Collective Members who were not fully compensated their regular wages and overtime wages.

3.  Plaintiff and the Collective Members were compensated on an hourly basis and were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek as well as not paid for regular wages of travel time.

4.  Plaintiff and the Collective Members bring this action against Defendants for their unlawful failure to pay wages and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "FLSA").

5.  This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6.  The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. See 29 U.S.C. § 207(a).

JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, et seq..

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein.

9. This Court has jurisdiction over the subject matter and the parties pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. At all relevant times to the matters alleged herein, Plaintiff Hunter Rode resided in the State of Arizona.

**General Allegations and Facts relating to Plaintiff Hunter Rode**

11. At all relevant times to the matters alleged herein, Plaintiff was a full-time employee of Defendants from in or around August of 2020 until on or around March of 2021 as defined by 29 U.S.C. § 203(e)(1).

12. At all relevant times to the matters alleged herein, Plaintiff the Collective Members were non-exempt employees.

13. Defendant Creative Environments Design & Landscape is a company authorized to do business in Arizona and was the employer of Plaintiff and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

14. Defendant Daniel Waters is an Arizona resident.

15. Defendant Daniel Waters has directly caused events to take place giving rise to this action.

16. In or around August of 2020, Jon Lucas interviewed Plaintiff and Defendants hired Plaintiff.

17. Defendant Daniel Waters supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

18. Defendant Daniel Waters would determine what jobs Plaintiff was assigned to.

19. Defendant Daniel Waters determined the rate and method of Plaintiff's payment of wages.

20. As a person who acted in the interest of the previously identified Defendant, Daniel Waters is liable jointly and severally liable with Defendant Creative Landscape for the injuries and damages sustained by Plaintiff and the Collective Members.

21. Upon information and belief, Plaintiff and the Collective Members, in their work for Defendants engaging in interstate commerce, were employed by an enterprise engaged in interstate commerce that had annual gross sales of at least $500,000 in 2020 and 2021.

22. Plaintiff was required to keep track of his hours through timesheets, however, sometimes timesheets were not available to sign before they were

turned in as they were in employee Armando's possession. Plaintiff kept track of hours on his phone in many cases as well.

23. Plaintiff and the Collective Members are covered employees under individual and enterprise coverage.

24. Defendants required Plaintiff to work overtime as a condition of his employment and when he was working as a Laborer, he earned $25.00 per hour and $37.50 per hour when he worked overtime

24. Plaintiff was not paid wages for time in the yard despite that he was scheduled to report to the yard and in fact arrived at the yard, most days at 6:00 a.m., and immediately began his work day by loading trucks with materials and equipment for that day's projects.

25. In addition, on his last paycheck, dated March 5, Plaintiff's time sheet reflected he worked 60 hours for the week for the week of February 15 and 50 hours for the week of February 22, 2021 yet he only received 13 hours of overtime pay, which is 17 hours of overtime pay short.

26. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for travel hours and overtime hours Plaintiff worked.

27. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

28. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

29. Plaintiff never saw the required poster /notice explaining employee rights under the FLSA pursuant to 29 C.F.R. § 516.4 thus Defendants failed to post and keep posted in a conspicuous place.

30. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

32. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

33. Plaintiff is personally aware that other employees were not paid the time worked in the yard or for the travel time to and from the job site, regular or overtime.

34. The proposed collective class for the FLSA claim is defined as follows:

> All persons who work or worked for Creative Environments Design & Landscape, Inc., or Daniel Waters over 40 hours in any given workweek as a past or present employee and/or independent contractor, who is/were classified as both employee and independent contractor; and

who did not receive wages for hours for the requirement that they were required to begin or end their shift at the yard and had to travel to/from the job site back to the yard for time-and-a-half wages related to that time are known as (the "Collective Members").

35. Plaintiff has given his written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as "Exhibit 1". As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

36. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.

37. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

38. Defendants paid Plaintiff and the Collective Members an hourly rate.

39. Plaintiff and the Collective Members routinely worked travel hours and/or over forty (40) hours in a given workweek and were not compensated by Defendants with pay or overtime pay for all hours they worked over forty in a given workweek or for hours they worked traveling to and from the job site.

40. The Collective Members perform or have performed the same or similar work as Plaintiff.

41. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

42. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

43. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

44. All collective members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

45. Notice of this action should be sent to all similarly situated employees in English and Spanish.

46. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in

violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

47. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA 29 U.S.C. §§ 202, 203(g), 207, 216, 218; DOL Regulations, 29 C.F.R. §§ 778.5, 778.100, 778.103, 778.107-09, 778.223, 778.315-16, 778.318, 785.9, 785.11-13, 785.41, 790.6

48. Plaintiff, on behalf of himself and the Collective Members, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

50. While employed by Defendants, Plaintiff and the Collective Members worked numerous hours of overtime that Defendants did not pay.

51. Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA Collective were not paid for all hours worked or overtime compensation when they worked beyond 40 hours in a workweek.

52. Defendants further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207. willfully violated 29 U.S.C. §§ 202, 203, 206, 207 and 29 C.F.R. §§ 778.5,

778.100, 778.103, 778.107, 778.108, 778.109, 778.223, 778.315-318, 785.7, 785.9, 785.11-13, 785.41, and 790.6 by failing to pay employees at one and one-half times their regular rate of pay per hour for all hours worked over 40 hours in overtime weeks including work that occurred before and after scheduled shifts, at home or away from the jobsite, and while traveling.

53. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

54. Based on Defendants' failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's hourly rate and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).

COUNT 2

FAILURE TO PAY FOR ALL HOURS WORKED IN VIOLATION OF THE FLSA 29 U.S.C. §§ 202, 203(g), 206, 207, 216, 218; DOL Regulations, 29 C.F.R. §§ 531.35, 778.5, 778.108, 778.223, 778.315-18, 785.7, 785.9, 785.11-13, 785.27-29, 785.41, 790.6, 790.8(a)55.

55. Plaintiff, on behalf of himself and the Collective Members, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated wages.

57. 29 U.S.C. § 206 specifies that every employer, including Defendant, shall pay a minimum wage of not less than $7.25 per hour.

58. In determining the number of hours for which overtime compensation is due, all hours worked (as defined in § 778.223) by an employee for an employer in a particular workweek must be counted. 29 C.F.R. § 778.315. Overtime compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him or her for the non-overtime hours under the contract (express or implied) or under any applicable statute has been paid. *Id.*

59. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

60. While employed by Defendants, Plaintiff and the Collective Members worked numerous hours that Defendants did not pay.

61. Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA Collective were not paid for all hours worked.

62. Under the FLSA "an employee must be compensated for all hours worked. 29 C.F.R. § 778.223. "As a general rule the term 'hours worked' will include: (1) all time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace; and (2) all time during which an employee is suffered or permitted to work whether or not he is required to do so." 29 C.F.R. § 778.223. Thus, working time is not limited to the hours spent in active productive labor, but includes time given by the employee to the employer even though part of the time may be spent in idleness

61. Defendants further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 216.

61. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendants were aware of the FLSA requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

62. Based on Defendants' failure or refusal to pay Plaintiff and the Collective Members a wage equal to Plaintiff's hourly rate and the Collective Members' regular rates of pay for work they performed for, Defendants violated 29 U.S.C. § 207(a).

63. Defendant willfully violated 29 U.S.C. §§ 202, 203, 206, 207 and 29 C.F.R. §§ 778.5, 778.108, 778.223, 778.315-318, 785.7, 785.9, 785.11-13, 785.41, and 790.6 by failing to pay employees at their regular rate in non-overtime weeks for all hours worked including work that occurred before and after scheduled shifts, at home or away from the jobsite, and while traveling.

64. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

65. As a result of Defendant's FLSA violations, Plaintiffs and similarly situated employees have suffered damages by failing to receive wages for all hours worked in accordance with the FLSA.

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendants committed one or more of the following acts:

i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

ii. willfully violated provisions of the FLSA, 29 U.S.C. § 206, 207, 216 for failing to pay wages;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G. Such other relief as this Court shall deem just and proper.

JURY TRIAL DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

DATED this 24th day of September, 2021.

LAW OFFICES OF KIMBERLY A. ECKERT

By: /s/ Kimberly A. Eckert
Kimberly A. Eckert
Attorney for Plaintiff

LAW OFFICES OF KIMBERLY A. ECKERT
5235 South Kyrene Road Suite 206
Tempe, Arizona 85283
(480) 456-4497 Fax (866) 583-6073
Kimberly A. Eckert – 015040
keckert@arizlaw.biz
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Hunter Rode, | |
| Plaintiff, | VERIFICATION |
| v. | |
| Creative Environments Design & Landscape, Inc., an Arizona Corporation and Daniel Waters, an individual, | |
| Defendants. | |

I, Hunter Rode, hereby state upon my oath under penalty of perjury that the Verified Complaint is true and accurate to the best of my ability.

Dated: 09/23/2021        By: _/s/ Hunter Rode_

STATE OF ARIZONA    )
                                           )ss
COUNTY OF MARICOPA  )

SUBSCRIBED AND SWORN to before me this 23rd day of September, 2021 by Hunter Rode.

Diana Gaalaas
Notary Public
Maricopa County, Arizona
My Comm. Expires 04-14-25
Commission No. 602594

Stamp

_Diana Gaalaas_
Notary Public

-1-

**EXHIBIT 1**

LAW OFFICES OF KIMBERLY A. ECKERT
5235 South Kyrene Road Suite 206
Tempe, Arizona 85283
(480) 456-4497 Fax (866) 583-6073
Kimberly A. Eckert – 015040
keckert@arizlaw.biz
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Hunter Rode,<br><br>Plaintiff,<br><br>v.<br><br>Creative Environments Design & Landscape, Inc., an Arizona Corporation and Daniel Waters, an individual,<br><br>Defendants. | CONSENT |

I, Hunter Rode, hereby state upon my oath under penalty of perjury that I have consented to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b).

Dated: 09/23/2021        By: _____

STATE OF ARIZONA    )
                    )ss
COUNTY OF MARICOPA  )

SUBSCRIBED AND SWORN to before me this 23rd day of September, 2021 by Hunter Rode.

_____
Notary Public

Charleen Feyereisen
Notary Public
Maricopa County, Arizona
My Comm. Expires 09-23-2023
Commission No. 572914

_____
Stamp